The opinion of the court was delivered by
McEnery, J.
The defendant was convicted of murder and appealed.
There are in the record numerous bills of exception to the rulings of the trial judge, a motion for a new trial and a motion in arrest of judgment.
Bills 1, 3, 4, 5 and 6 may be considered together. In these bills-there is a wide difference in the. statement of facts presented by the. counsel for the accused and the trial judge. It has been repeatedly held that when there is a difference in statement of facts between counsel and judge, the latter’s statement will be accepted.
The first bill is to the effect that the juror to whom objection was made was not familiar with the English language. The juror’s answer to interrogatories was that he understood the English language sufficiently well to comprehend the testimony of witnesses and the arguments of counsel. The trial judge says that after a thorough examination of the juror he was satisfied that he was sufficiently conversant with the English language to make a competent juror. It is not essential to the competency of a juror that he shall be so educated as. to understand the meaning of all words in the English language. From the juror’s answers and the result of the trial judge’s examina *257 tion of the juror, it is evident that he was a competent juror. State vs. Williams, 34 An. 959; State vs. Offut, 38 An. 364; State vs. Dent, 41 An. —.
No. 3. This bill was reserved to the ruling of the trial judge as to the competency of the juror Bui. The juror answered on his voir dire that what he had heard about the case had made some impression upon his mind, and that he would to some extent be influenced by this; that he had no prejudice for or against the accused; that what he had heard of the case did not purport to be the facts; that the person he had heard talk about the case did not pretend to detail the facts; that what he had heard had not created a firm or fixed opinion upon his mind, and the impression created by what he had heard would readily yield to the evidence, and that he would try the case fairly and impartially, according to the evidence adduced and the law as given by the court.
The juror had no fixed opinion. The impression that had been made upon his mind was from facts stated to him by persons who did not pretend to give the facts of the case. This impression would readily yield to the evidence. He was therefore a competent juror. State vs. Dugay, 35 An. 327; State vs. George, 37 An. 786; State vs. Ford, 37 An. 443; State vs. DeRance, 34 An. 186; State vs. Dent, 41 An. —.
No. 4. The juror Harveys was asked if he would judge of the innocence or guilt of the accused by the preponderance of evidence or whether he would give the accused the benefit of a reasonable doubt. He’answered that if there was a preponderance of evidence in favor ■of the State, he would give the State the benefit of this and convict. He also stated he would not give the accused the benefit of a reasonable doubt. In answer to questions by the court the juror stated that he would follow the instructions of the court upon questions of law, and that if the judge in his charge instructed him that the accused should be given the benefit of a reasonable doubt, he would do so. That he would apply the law as given by the court and would try the accused accordingly.
The definition of a reasonable doubt is one of law and is embodied in the charge of the judge to the jury. The juror answered he would apply the law as given by the court. These are definitions of terms of purely legal significance, which it is not expected that the *258 mass of the people will understand. It is therefore necessary for the trial judge to instruct the jury in relation to their meaning and employment.
No. 5. J. E.- Seguin, on his voir dire, answered that he thought a man should be sent to the penitentiary for killing another in self-defence. The trial judge says, “ it being evident that the juror did not fully understand the question of counsel the court proceeded to examine the juror.” Under the examination by the court the juror stated that if the court instructed Mm that under the law, if the party doing the killing acted in self-defence, he should be acquitted, he would respect the law and act according to the instructions of the judge. * * * The juror also stated that he had not fully understood the question of defendant’s counsel when he answered that a person killing another in self-defence should be sent to the penitentiary.”
The statement of the trial judge and the answer of the juror, when he fully understood the question, dispose of defendant’s objections.
No. 6. In answer to a question of defendant’s 'counsel the juror Bardelere stated that he had conscientious scruples to the infliction of capital punishment. The State was satisfied with the juror and made no objection to his competency.' It is difficult to assign a reason for the defendant’s objection to the juror, as the conscientious scruples of the juror, if they existed, were favorable to him. As the District Attorney made no objection to the juror it is to be presumed that he was impressed, as was the trial judge, with the fact that the juror was confused and did not understand the question addressed to him.
When understanding the question, and in reply to interrogatories propounded by the judge, he stated, “ a verdict which would inflict the death penalty would depend upon what the party had done. If the party accused had done enough to deserve death, he would agree to a verdict that would hang.” This juror’s answers also dispose of defendant’s objection to his competency.
These jurors were peremptorily challenged by the accused and did not serve on the jury. If there had been error in the ruling of the trial judge as to their competency and qualification it would not be sufficient to invalidate the trial, as it appears from the record that the jurors were peremptorily challenged by the accused. State vs. *259 Ford, 37 An. 443; State vs. Summers, 38 An. 301; 35 An. 315; 37 An. 774.
Nos. 2 and 8. These were reserved to the course of examination pursued by the District Attorney in the examination of a juror, and to the argument of the attorney, assisting the District Attorney, to the jury-
In both instances an objection being made by counsel, for accused, the court interfered and sustained the counsel for the accused and stopped the course of examination of the juror by the District Attorney, and the argument by the assistant attorney. In the latter ease the jury was instructed by the judge to disregard it, and to be guided only by “ proof ” in the case. The accused obtained all he asked for. It was the only relief the court could afford Mm. There is no force in the objection, as the court will not interfere with District Judges in the manner in which they enforce discipline and decorum. State vs. Duck, 35 An. 764.
No. 7. The counsel for defendant made a motion that the court direct the District Attorney “ to call, swear and put upon the stand ” certain witnesses whose names appeared upon the back of the indictment. These witnesses were not called and sworn in behalf of the prosecution, and the defendant’s reason for the motion is that he is entitled to cross-examine said witnesses.
There is no law authorizing the accused to direct and control the prosecution against him. He has no right to direct in what manner the District Attorney shall conduct the case against him and control him in the selection of his witnesses and the introduction of the evidence of the prosecution. Nor has he the right to impose his defence upon the District Attorney.
If the witnesses were material and important and knew facts which would aid and assist in the defence, it was the duty of the attorney for the accused to summon and examine them in his behalf.
No. 9. Motion for a new trial.
The motion only alleges facts set forth in the several bills of exception and was therefore properly overruled.
No. 10. Motion in arrest of judgment.
The motion alleges that the accused is a negro and that the jury was composed entirely of white men. The record does not show that any juror was excluded from the jury on account of his race or *260 ■color. There is therefore no error on the face of the record upon which to base a motion in arrest of judgment.
There is no law in this State requiring that the accused shall be tried by jurors selected from his own race. In civil matters all distinctions on account of race, color or previous condition of servitude have been abolished.
Judgment affirmed.